```
IN THE UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF HAWAII

HYE JA CHOI,                    )    Civ. No. 18-00051 SOM-RLP
                                )
         Plaintiff,             )    ORDER DENYING PLAINTIFF'S
                                )    MOTION FOR RECONSIDERATION OF
     vs.                        )    ORDER GRANTING DEFENDANT'S
                                )    MOTION TO DISMISS PLAINTIFF'S
CONSULATE GENNERAL OF JAPAN     )    STATEMENT OF CLAIM AND
IN HONOLULU (JAPAN              )    COMPLAINT
GOVERNMENT),                    )
                                )
         Defendant.             )
_____ )
```

**ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION OF ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S STATEMENT OF CLAIM AND COMPLAINT**

**I.     THE COURT DENIES CHOI'S MOTION FOR RECONSIDERATION.**

On April 25, 2018, the Court filed an order dismissing Hye Ja Choi's claims against the Consulate General of Japan with prejudice. ECF No. 21. The Court explained that the Consulate General was entitled to sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA"), and further explained that Choi had failed to establish Article III standing to sue. *See id.* at PageID #s 172-84.

On May 13, 2018, the court received a letter from Choi that the court construes as a motion for reconsideration. ECF No. 23. The letter insists that the FSIA "does not apply" to Choi's case, that the court's decision "should [have been] made solely on the basis of the [Universal Postal Convention]," and

that "the Japanese Consulate" must be held responsible for "the breach of this treaty." *Id.* at PageID #s 192-94.

The court has already considered and rejected each of these arguments. In the prior order, the court explained that the FSIA applies to every action against a foreign state--including one based on an alleged treaty violation--because the FSIA is "the 'sole basis' upon which jurisdiction may be obtained over a foreign state." ECF No. 21, PageID # 176 (quoting *Barapind v. Gov't of Republic of India*, 844 F.3d 824, 829 (9th Cir. 2016)). The court held that the Consulate General was entitled to sovereign immunity under the FSIA. *See id.* at PageID # 183. The court observed the Universal Postal Convention did not alter its FSIA analysis; that document did not "suggest[] that Japan 'intended the [Convention] to be enforceable in United States courts.'" *Id.* at PageID #s 177-78.

Choi's motion for reconsideration fails to explain why these conclusions were incorrect. Nor does Choi address the court's determination that she lacked Article III standing to sue. The court therefore does not reconsider its decision dismissing Choi's claims against the Consulate General. Insofar as Choi's letter is as a motion for reconsideration, it is DENIED.

**II.     THE COURT DOES NOT VIEW CHOI'S LETTER AS AN AMENDED COMPLAINT.**

In its prior order, the court instructed Choi that she could file an Amended Complaint asserting similar claims against a different defendant if she wished to do so. *See id.* at PageID #s 187-88. Choi's letter might be indicating her intent to add Japan Post Holdings Co. ("Japan Post") as an additional defendant. *See* ECF No. 23, PageID # 194 ("If the judge claims the defendant[s] change, the plaintiff will change it as follows," and then listing Japan Post's name and contact information alongside the Consulate General's name). But Choi's letter is not actually styled as an Amended Complaint against Japan Post. As the court explained in its prior order, any Amended Complaint must be complete in itself and not simply incorporate by reference anything previously filed with the court. Choi's letter, which contains no factual allegations concerning Japan Post, falls far short of this requirement. The court also explained that any Amended Complaint must clearly set forth a basis for federal jurisdiction. Choi's letter fails to do so with respect to any defendant.

Choi need not file an Amended Complaint if she does not wish to do so. However, in light of Choi's *pro se* status, the court extends the filing deadline for any Amended Complaint to June 15, 2018. Any Amended Complain may not name the

Consulate General of Japan as a defendant, and must proceed solely against a different defendant or defendants. If Choi does not timely file an Amended Complaint, this action will be automatically dismissed.

If Choi chooses to file an Amended Complaint, then, as noted, she must allege facts demonstrating that federal jurisdiction is appropriate. If Choi decides to sue Japan Post, then, if Choi's jurisdictional hook is the FSIA, she must allege facts indicating that Japan Post is an "agency or instrumentality" of Japan. *See* ECF No. 21, PageID # 184 (citing 28 U.S.C. § 1603(b)(2)). *But see id.* at PageID #s 185-86 (explaining that materials cited in prior filings indicate that Japan Post is not an agency or instrumentality of Japan). If the FSIA does not apply, Choi must direct the court to another source of federal jurisdiction. *But see id.* at PageID # 186 (explaining that "serious jurisdictional questions would be raised" "[i]f Japan Post is not an agency or instrumentality of Japan").

The failure to comply with any of the above requirements will result in the dismissal of any Amended Complaint.

Any Amended Complaint will ultimately need to be served by Choi on all named defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. If a defendant is a

4

foreign state or its political subdivision, agency, or instrumentality, it must be served in accordance with 28 U.S.C. § 1608.  See Fed. R. Civ. P. 4(j)(1).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 15, 2018.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Hye Ja Choi v. Consulate Genneral of Japan in Honolulu (Japan Government), Civ. No. 18-00051 SOM-RLP; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S STATEMENT OF CLAIM AND COMPLAINT.