IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HYE JA CHOI, | ) | CIVIL NO. 18-00051 SOM/RLP |
| Plaintiff, | ) ) | ORDER GRANTING MOTION TO DISMISS |
| vs. | ) ) | |
| UNITED STATES POSTAL SERVICE, | ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING ORDER GRANTING MOTION TO DISMISS**

**I.     INTRODUCTION.**

Plaintiff Hye Ja Choi mailed five parcels to herself from Japan to Hawaii. She says one of the parcels failed to reach her. After unsuccessfully seeking compensation from the Consulate General of Japan in her original Complaint, Choi filed an Amended Complaint seeking $4,981 from Defendant United States Postal Service ("USPS") under the Universal Postal Union's Universal Postal Convention. Because Choi has no private right of action under the Universal Postal Union's Universal Postal Convention, the court dismisses the Amended Complaint. The court issues this decision without a hearing pursuant to Local Rule 7.2(d), under which this court has the discretion to decide any motion without a hearing.

## II.     BACKGROUND.

On June 30, 2016, Choi mailed five parcels in Japan to herself to Hawaii. Choi says she did not receive one of the parcels, No. CD264193304JP, which she says had a value of $1,400. *See* Amended Complaint at 1-2, ECF No. 27, PageID #s 203-04. The shipping label for that parcel, however, lists its value as $30 or ¥3,000. *See* ECF No. 27-1, PageID # 206.

In her original Complaint, Choi blamed the loss of the parcel on the Japan Post. Choi filed a claim for the value of the missing parcel with the Japan Post, but the claim was rejected because the parcel had supposedly been given to the USPS. *See* ECF No. 1-2, PageID # 11.

On April 25, 2018, this court dismissed Choi's original Complaint, ruling that the sole Defendant named in it, the Consulate General of Japan, could not be liable for the loss of a parcel by the Japan Post. The court dismissed the original Complaint for lack of jurisdiction, but gave Choi leave to file an Amended Complaint against a different defendant. ECF No. 21.

On June 29, 2018, Choi filed an Amended Complaint, naming Defendant USPS. *See* ECF No. 27. The amended pleading says the USPS is responsible for losing Choi's parcel. *Id.*, PageID # 205. Choi seeks damages under the "UNIVERSAL POSTAL UNION (Universal Postal Treaty)." *Id.*, PageID # 205. The United States is currently a member of the Universal Postal Union. *See*

2

http://www.upu.int/en/the-upu/member-countries.html#u (last visited March 5, 2019).[1]

The Universal Postal Union's Acts of the 26th Congress (Istanbul 2016) sets forth a consumer's rights when a member country's postal service loses a parcel. *See* http://www.upu.int/uploads/tx_sbdownloader/actsActsOfThe26ThCongressIstanbul2016En.pdf at 154-56 (last visited March 5, 2019). Under Article 22, section 3.1, when an ordinary parcel is lost,

> the sender shall be entitled to an indemnity of an amount set in the Regulations. If the sender has claimed an amount less than the amount set in the Regulations, designated operators may pay that lower amount and shall receive reimbursement on this basis from any other designated operators involved.

Under Article 22, section 8, the sender or the addressee "shall also be entitled to repayment of the charges and fees paid for posting the item with the exception of the registration or insurance charge." But under Article 23, section 2.7, member countries and "designated operators" are not liable for lost parcels "when the sender has made no inquiry within six months from the day after that on which the item was posted."

The USPS explains how to exercise these rights in its International Mail Manual, defining an "inquiry" as including a

---

[1] The United States has announced an intention to withdraw from the Universal Postal Union. *See* https://www.reuters.com/article/us-usa-postoffice-trump/trump-pulling-out-of-pact-that-discounted-foreign-postal-deliveries-idUSKCN1MR2XZ (last visited March 5, 2019).

request "concerning the disposition of an item mailed to or from a foreign country" and a complaint or report "concerning the loss, damage, missing contents, or improper delivery or return of an item mailed to or from a foreign country." [https://mailomg.files.wordpress.com/2018/01/imm-international-mail-manual-2018-united-states-postal-service1.pdf#G12.1052609](https://mailomg.files.wordpress.com/2018/01/imm-international-mail-manual-2018-united-states-postal-service1.pdf#G12.1052609) at 239. The manual describes how to initiate an inquiry and requires inquiries for "Priority Mail International or Registered Mail" to be filed no later than six months from the mailing date. *Id.* at 240-41. The manual also describes the claim process.

Before filing a claim for an ordinary parcel, a consumer must complete the inquiry process. *Id.* at 242-44. Indemnity payments with respect to claims arising out of the sending of ordinary parcels from foreign origins "are adjudicated by Accounting Services in St. Louis, Missouri." *Id.* at 245. That office's decision may be appealed to the International Claims Appeals, Accounting Services, within 60 days of the decision. *Id.* If the International Claims Appeals sustains the original decision, "the customer may submit an additional appeal within 60 days for final review and decision to the Consumer Advocate, International Claim Appeals." *Id.* at 246.

Neither the Manual nor the Universal Postal Union's Acts of the 26th Congress (Istanbul 2016) provides for the filing of a lawsuit in this court.

4

According to Leslie Hill, the Supervisor, Claims Accounting Branch of the USPS Accounting Service Center, Choi has not submitted any claim for the loss of her package. *See* Decl. of Leslie Hill, ECF No. 35-2. PageID #s 249-50.

**III.     MOTION TO DISMISS STANDARD.**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court's review of claims is generally limited to the contents of a complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. *See Keams v. Tempe Tech. Inst., Inc.*, 110 F.3d 44, 46 (9th Cir. 1997); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, the court may take judicial notice of and consider matters of public record without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. _*See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted

5

deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Sprewell*, 266 F.3d at 988; *Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "state a

6

claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

**IV. ANALYSIS.**

Choi's Amended Complaint seeks damages from the USPS under the "UNIVERSAL POSTAL UNION (Universal Postal Treaty)."  *See* ECF No. 27, PageID # 205.  The USPS seeks dismissal of Choi's Amended Complaint.  Because English is not Choi's native language and because Choi is proceeding *pro se*, the court liberally construes Choi's Opposition to the dismissal motion.  *See* ECF No. 38.  Even with liberal construction, the Amended Complaint cannot proceed.  Accordingly, the court dismisses the Amended Complaint without holding a hearing.

Under Articles 22 and 23 of the Universal Postal Union's Acts of the 26th Congress (Istanbul 2016), the sender of a lost ordinary parcel shall be indemnified and reimbursed for charges and fees paid as long as the sender makes an "inquiry" within six months of posting the parcel.  *See* http://www.upu.int/uploads/tx_sbdownloader/actsActsOfThe26ThCongressIstanbul2016En.pdf at 154-56.  The International Mail Manual provides instructions on how to proceed.  *See* https://mailomg.files.wordpress.com/2018/01/imm-international-mai

[l-manual-2018-united-states-postal-service1.pdf#G12.1052609](l-manual-2018-united-states-postal-service1.pdf#G12.1052609) at 239-46.  An action in this court is not included as a remedy in either the Manual or the Universal Postal Union's Acts of the 26th Congress (Istanbul 2016).

The USPS argues that Choi has no private right of action for a violation of the Universal Postal Union's Acts of the 26th Congress (Istanbul 2016).  This court agrees.  *See Cornejo v. Cty. of San Diego*, 504 F.3d 853, 859 (9th Cir. 2007) (stating that international agreements generally do not provide for private causes of action in domestic courts (citing Restatement (Third) of Foreign Relations Law § 907)).

Comment A to the Restatement (Third) of Foreign Relations Law § 907 explains:

> Whether an international agreement provides a right or requires that a remedy be made available to a private person is a matter of interpretation of the agreement.  Where a remedy was intended, suit against a foreign state (or the United States) might nonetheless be barred by principles of sovereign immunity, unless such immunity is found to have been waived.

Nothing in the multi-national postal agreement suggests any intent to provide a private right of action against the USPS or any other member country's postal agency for a lost international parcel.  This court concludes that, under the Universal Postal Union's Acts of the 26th Congress (Istanbul 2016), Choi has no

8

private right of action allowing her lawsuit against the USPS for the lost parcel she says she mailed to herself from Japan.

Choi's lawsuit skips International Mail Manual procedures for seeking indemnification with respect to a lost international parcel. Accordingly, the court dismisses her Amended Complaint.[2]

**IV.    CONCLUSION.**

The USPS's motion to dismiss the Amended Complaint is granted.

While the court normally freely grants *pro se* litigants leave to filed amended pleadings, the court declines to do so in the present case because any such amended pleading would be

---

[2]The court does not construe the Amended Complaint as asserting a claim under the Federal Torts Claims Act ("FTCA"). In the order dismissing the original Complaint, this court discussed the FTCA. *See* ECF No. 21, PageID # 184. Choi therefore knew about the possibility of asserting a claim under the FTCA. Despite that knowledge, Choi's Amended Complaint fails to mention the FTCA. Choi's Opposition also appears to recognize that she is not bringing a claim under the FTCA. The USPS argues that it is entitled to summary judgment with respect to any FTCA claim because Choi has failed to raise a genuine issue of fact as to whether she met the FTCA's requirement that she exhaust her administrative remedies. *See* 28 U.S.C. § 2675(a). While the court notes that Choi submits no evidence demonstrating that she exhausted her administrative remedies, this court does not read Choi's pleading as encompassing an FTCA claim. At most, her Opposition might be arguing that, if she asserted an FTCA claim, the USPS should be estopped from arguing that she needed to timely exhaust her administrative remedies because the USPS told Choi that it did not receive her parcel. While that argument might excuse an untimely assertion of administrative rights, it would not excuse the failure to even attempt to exhaust the administrative process.

9

futile.  *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (quotation marks and citation omitted)).

The Clerk of Court is directed to enter judgment in favor of Defendant USPS and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 6, 2019.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Choi v. U.S. Postal Service*, CIVIL NO. 18-00051 SOM/RLP; ORDER GRANTING ORDER GRANTING MOTION TO DISMISS